UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MICHAEL L. HOLLOWAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 4:15-cv-01741-HEA |
| v. | ) |
| | ) |
| UNION PACIFIC RAILROAD CO., a | ). |
| Delaware Corporation, | ) |
| | ) |
| Defendant. | ) |

# NOTICE OF MOTION AND MOTION TO COMPEL

Plaintiff, Mike Holloway, pursuant to the Federal Rules of Civil Procedure 26 and 37, and the Eastern District Local Rule 37-3.04, moves the Court for an order compelling Defendant Union Pacific Railroad Co., to completely answer certain Discovery requests, as set forth in the attached Memorandum of Plaintiff and Exhibit #5 of the Affidavit of Louis E. Jungbauer.

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MICHAEL L. HOLLOWAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 4:15-cv-01741-HEA |
| v. | ) |
| | ) |
| UNION PACIFIC RAILROAD CO., a | ). |
| Delaware Corporation, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL**

Plaintiff, Mike Holloway, pursuant to the Federal Rules of Civil Procedure 26 and 37, and the Eastern District Local Rule 37-3.04, moves the Court for an order compelling Defendant Union Pacific Railroad Co., to completely answer certain Discovery requests, as set forth in the attached Memorandum of Plaintiff and Exhibit #5 of the Affidavit of Louis E. Jungbauer.

**CERTIFICATION**

Plaintiff's counsel has attempted to resolve the issues concerning Defendant's discovery responses, by forwarding an email to Counsel for Defendant on or about June 20th, and then again on July 1st.[1]  On September 6th, the undersigned sent Counsel for Defendant a letter detailing the specific discovery requests which remain in controversy, which included a request for a telephone conference to try and resolve the issues.[2]

---

[1] Affidavit of Louis Jungbauer, Exhibit 8.
[2] Affidavit of Louis Jungbauer, Exhibit 7.

2

Finally, On October 11th, 2016, counsel for both parties held such a telephone conference.  William Hakes, counsel for UPRR, and Louis Jungbauer, counsel for Union Pacific Railroad Co., agreed to disagree, resulting in the need for this motion.

## INTRODUCTION AND FACTUAL BACKGROUND

Holloway is an employee of Union Pacific Railroad Co. ("UPRR"), a common carrier for hire that operates a rail freight network across several states.  On December 17th, 2012 he suffered injuries to his lower back when he attempted to move a heavy electrical generator into a shed.  He felt immediate pain in his low back, and subsequently underwent a lumbar fusion.  He has not been permitted to return to work, due to his medical restrictions.   He has applied for other jobs within the company, and completed a year or more of school in his quest to obtain a degree in accounting.

Holloway's specific claims of negligence allege the Defendant failed to provide him with sufficient help or reasonably safe tools and equipment, and created a work environment so stressful that he had no choice but to attempt to move the generator on his own the day of the accident.

Defendant suggests in its Motion for a Protective Order that the antics of the Director, including threats to the Plaintiff that he was going to lose his job rights, are irrelevant.  We disagree.

Johnson had already developed a reputation for unreasonably pushing his employees, to the degree the workers requested a meeting with Mr. Johnson's supervisor, Ken Johnson (no relation), an Assistant Vice President, to seek help in dealing with Nels Johnson's behavior.   A meeting took place in the autumn of 2011, during which Ken Johnson was presented with a petition signed by twenty-three signal department workers

3

from that area, urging UPRR management to address their concerns regarding Nels Johnson's management style. The petition specifically identified the workers' concerns that their safety was at significant risk, due to Johnson's work methods he feared giving Johnson any reason to take disciplinary action against him.

Plaintiff filed his complaint on November 23rd, 2015, and on April 27th, 2016 served UPRR with his first sets of interrogatories and requests for production. UPRR returned their responses and objections on May 27th, 2016. These requests and responses are attached to the affidavit of Louis E. Jungbauer as Exhibits 1-4. Many of the objections were raised in response to discovery requests related to Johnson. UPRR objected, questioning the relevance of these requests.

## **LAW**

The Federal Rules of Civil Procedure state that a party may obtain discovery regarding any non-privileged matter that is relevant to any claim or defense. Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at trial so long as the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence. *Id.; see also Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (relevant information for the purposes of discovery is information reasonably calculated to lead to the discovery of admissible evidence). The scope of discovery and the definition of "relevant" have "been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380 (1978).

If a party does not disclose requested information, the requesting party may move to compel the production of the requested materials. Fed. R. Civ. P. 37(a)(1). The party

resisting the discovery bears the burden of showing why discovery should not be allowed. *Deere v. American Water Works Co., Inc.*, 306 F.R.D. 208, 215 (N.D.Ind. 2015). The party resisting discovery must explain and support its objections and specifically explain why the request is inappropriate. *Id*. The "reflexive invocation" that discovery is overly broad, unduly burdensome, or irrelevant is not sufficient reason to resist discovery. *Id*.

Investigations undertaken in the ordinary course of business are discoverable. *Binks Mfg. Co. v. National Presto Industries, Inc.*, 709 F.2d 1109, 1118-19 (7th Cir. 1983). The mere fact that litigation may occur in the future is not enough to invoke the work-product doctrine. *Id*. A court must examine the factual situation of the particular case to determine if an assertion of the doctrine is appropriate. *Id*.

## ARGUMENT

### I. The Railroad's Investigation is Not Protected by the Work Product Doctrine

Interrogatories 2 and 3 and Requests for Production 4 and 9 seek information related to the railroad's investigation of the incident, including the names and titles of the individuals who conducted the investigation, the dates of their work, and a summary of all uncovered facts.[3] UPRR objects, claiming that the investigation is protected by the work product doctrine.[4] The doctrine does not protect injury investigations, however, if they are not performed at the direction of counsel pursuant to pending litigation. There is no indication that that was the case here.

---

[3] Affidavit of Louis Jungbauer, Exhibit 1, p. 1; Affidavit of Louis Jungbauer, Exhibit 2, p. 2.
[4] Affidavit of Louis Jungbauer, Exhibit 4, p. 4; Affidavit of Louis Jungbauer, Exhibit 5, p. 4,6.

The fact that litigation is conceivable is not enough to sustain an assertion that the work-product doctrine protects an investigation. *Binks*, 709 F.2d at 118-119. The circumstances of the investigation must be examined to determine if it was done at the direction of counsel, and that an articulable claim that is likely to lead to litigation has arisen. *Id*. In this instance, at the time of the investigation of Holloway's injury, litigation was a remote possibility and was not the cause of the investigation.

In the simplest terms, Holloway suffered and reported an on-the-job injury and the railroad investigated the circumstances of that injury. Litigation was still years away. It is common practice for railroads to investigate injuries suffered by their workers in order to understand what, if anything, went wrong and how a repetition of the injury can be prevented. Another common reason for an investigation is to assess a possible settlement with the injured employee. UPRR's investigation was motivated by one or both of these concerns. An investigation into a possible injury settlement, even if carried out by an attorney, is not protected if that attorney was acting as an insurance or claim agent.

In addition, the railroad has provided no indication that the investigation was ordered, directed, or supervised by an attorney in that way. The burden of showing that the investigation materials are protected falls on the party resisting discovery, in this case, UPRR. The railroad has not produced a privilege log or any other information beyond their bald assertion that the materials are protected. If they cannot do so, the assertion of privilege must be overruled.

In its objections, UPRR cites to *Palmer v. Hoffman*, 63 S.Ct. 477 (1943). That case stands for the proposition that injury and accident investigations are a part of the regular course of business for a railroad for the purposes of the *hearsay* rules. *Id*. at 480-481.

6

What the Court did not address is whether or not an investigation is protected by the *work-product doctrine*. Accepting what the Court did hold does not answer the questions of whether or not this investigation was directed by counsel or undertaken in preparation of litigation. Indeed, it suggests the opposite, that it was done as part of the regular course of business to find out what went wrong and how to address it.

The absence of direction from counsel for UPRR is especially true for Request for Production 9, which seeks all documents compiled by Railroad managers and other supervisors regarding the incident. This request includes documents that were not part of a formal investigation but are still relevant to Holloway's claims. For example, they may include duty rosters for the day in question, general orders that were in effect, or other documents that were routinely made and kept. It is impossible to believe that these documents were created at the direction of an attorney in preparation for litigation. The work-product doctrine does not apply.

UPRR's investigation into Holloway's injury is not protected by the work-product doctrine, and its production should be compelled.

## II.     Many of the Defendant's Other Responses are Incomplete

For many of the remaining discovery requests, UPRR lodged improper objections. Some do not citing to any specific discovery rules but instead seeking to delay responding. Others refer to other documents but do not provide the requested information.

Plaintiff's Interrogatory 1 asks for the name, home address, and telephone number of all individuals who have knowledge of the facts of the incident.[5] In response, the railroad

---

[5] Affidavit of Louis Jungbauer, Exhibit 1, p. 1.

7

refers Plaintiff to its initial disclosures.[6]  While the initial disclosure contains names and contact information, this response fails to answer the fundamental question of the interrogatory: it does not identify which of these individuals have knowledge of the incident.  UPRR should amend their response to indicate which of these individuals, whether it is all of them or only a segment of the list, have knowledge of the incident.

UPRR's responses to Plaintiff's Interrogatories 4, 5, 7, and 9 are similarly incomplete.  These interrogatories ask UPRR to identify specific facts that they allege demonstrate contributory negligence, a failure to mitigate damages, rule violations, or other medical conditions that have contributed to Holloway's damages.[7]  Rather than answer properly, however, the Railroad lists a number of documents that contain potentially related information.[8]  Defendant does not specify any facts within those documents, or pages, or give any further guidance. [9]

Plaintiff's interrogatories are properly written and can be answered with specificity. The railroad must do so.

### III.    Two Other Objections to Relevancy are Similarly Unconvincing

Finally, Defendant objects to two requests on relevancy grounds, despite the clear relevance of each to Plaintiff's claims.  UPRR objects that Request for Production 18, which asks for documents related to the storage of generators, seeks irrelevant information because Holloway was injured moving a generator, not storing one.[10]  This dubious objection relies on an overly cramped definition of the word "storage".  It assumes that no

---

[6] Affidavit of Louis Jungbauer, Exhibit 4, p. 4.
[7] Affidavit of Louis Jungbauer, Exhibit 1, p. 2.
[8] Affidavit of Louis Jungbauer, Exhibit 4, p. 4-6.
[9] *Id*.
[10] Affidavit of Lou Jungbauer, Exhibit 5, p. 8.

documents related to storage describe the movement of generators into storage, they facilities used to store generators, or when they should be stored or why.  All of this information may shed light on whether or not the railroad was negligent in assigning this task to Holloway or in failing to provide the proper equipment or help.  If the railroad knew that this operation required multiple people or powered equipment, then Defendant itself has defined what constitutes a reasonably safe workplace in this context, and then failed to provide it to Plaintiff.

These documents may also include information regarding the design of the storage buildings, which is relevant to the question of whether the building in question should have had a raised doorway or not.  Holloway was injured trying to move the generator over the raised portion of the doorway to the shed.  The railroad's knowledge of any hazards related to that design is self-evidently relevant to the issues of negligence and the foreseeability of injury.

One more discovery request must be considered: Plaintiff's Request for Admission 18 asks UPRR to admit that it did not provide Holloway with a copy of the Report of Employee Injury that it was required to send to the Federal Railroad Administration.[11]  Rather than give a simple admission or denial, the railroad responds with a lengthy explanation that it was not required to give Holloway a copy of the report, and that therefore the request sought irrelevant information.[12]  The question of whether or not the railroad was required to give Holloway a copy of the report is not as simple as UPRR claims it is, but it also does not matter.

---

[11] Affidavit of Louis Jungbauer, Exhibit 3, p. 2.
[12] Affidavit of Louis Jungbauer, Exhibit 6, p. 8.

9

The request asks whether or not a copy was provided, not whether or not it was required.  The railroad's response only deals with the former question, and does not address the latter.  A charitable reading of the objection applies it to the latter, but even under those circumstances it is unavailing.  The request is designed to lead to admissible evidence by attempting to find out if the railroad filed such a report with the FRA or not.  Holloway does not have a copy in his possession, and the question remains if that was because he was not given one by UPRR or if one was never created.  The report will detail a version of events, which is relevant to the railroad's defenses of contributory negligence.

The response appears to tacitly admit that UPRR did not provide Holloway with a copy.  The burden of a full admission is minimal.  It should be provided.

## CONCLUSION

For all of the above reasons, UPRR's objections should be overruled and responses to these discovery responses should be compelled.

**YAEGER & JUNGBAUER BARRISTERS, PLC.**

Dated: October 14, 2016        */s/ Louis E. Jungbauer*
                               Louis E. Jungbauer
                               4601 Weston Woods Way
                               St. Paul, MN 55127
                               651-288-9506
                               651-288-0227 (fax)
                               ljungbauer@yjblaw.com

                               and

Theodore Dearing
Dearing & Hartzog, L.C.
211 South Central Avenue, Suite 200
Clayton, MO 63105
Phone:314-621-1775
Fax: 314 863-2922
tdd@dearingandhartzog.com

**ATTORNEYS FOR PLAINTIFF**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MICHAEL L. HOLLOWAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 4:15-cv-01741-HEA |
| v. | ) |
| | ) |
| UNION PACIFIC RAILROAD CO., a | ). |
| Delaware Corporation, | ) |
| | ) |
| Defendant. | ) |

      I hereby certify under penalty of perjury under the laws of the State of Missouri and the United States of America that on October 14th, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following counsel for the Defendant:

Nicholas J. Lamb
William D. Hakes
Thompson Coburn, LLP
One US Bank Plaza
St. Louis, MO 63101
Phone: (314) 552-6000 Fax: (314) 552-7000

DATED this 14th day of October, 2016, at Clayton, Missouri.

                                                    /s/ Theodore D. Dearing