# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **MICHAEL HOLLOWAY,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | ) Case No 4:15CV1741 HEA |
| | ) |
| **UNION PACIFIC RAILROAD CO.,** | ) |
| | ) |
|     **Defendant**. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Alter or Amend a Judgment Pursuant to Fed.R.Civ.P. 59 [Doc. No. 57]. Defendant opposes the Motion, and has filed a responsive memorandum thereto. For the reasons set forth below, the Motion is denied.

On July 13, 2017, the Court entered its Opinion, Memorandum and Order granting Defendant's Motion for Summary Judgment. Thereafter, Plaintiff filed the instant motion.

"Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.' 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127-128 (2d ed.1995) (footnotes

omitted)." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 128 S.Ct. 2605, 2617, n. 5 (2008).

Rule 59(e) was adopted to clarify that "the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 450, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982) (internal quotations omitted). Moreover, "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998),(internal punctuation and citations omitted). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir.2006) (quoting *Innovative Home Health Care*, 141 F.3d at 1286)).

District courts "will ordinarily deny a motion for reconsideration unless the party demonstrates a showing of manifest error in the prior ruling or demonstrates new facts or legal authority that the party could not have previously produced with reasonable diligence to the court." *Elder–Keep v. Aksamit*, 460 F.3d 979, 988 (8th Cir.2006); *Monsanto Co. v. E.I. Dupont de Nemours & Co.*, 2011 WL 322672 at *4 (E.D.Mo. Jan.31, 2011); *Arnold v. ADT Sec. Services, Inc.*, 627 F.3d 716, 721

(8th Cir.2010). A motion to reconsider "cannot be used to raise arguments which could have been raised prior to the issuance of judgment." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir.1988). District courts have "broad discretion" in determining whether to reconsider judgment. *Hagerman,* 839 F.2d at 413.

In his Motion, Plaintiff argues that the Court committed manifest error in discussing the general summary judgment standard that requires more than a "scintilla" of evidence to overcome a summary judgment motion. Plaintiff argues that in the context of claims under the Federal Employers Liability Act (FELA), "slight" or "minimal" evidence is sufficient to raise a jury question of negligence.

The Court's Opinion, however, details the basis upon which the conclusion was reached that the record established that there are no disputed facts which give rise to questions for a jury to resolve. Plaintiff's argument is based on a mistaken belief that the Court found a scintilla of evidence but concluded that that evidence was insufficient to overcome summary judgment.

Likewise, Plaintiff's argument that the Court erred in its application of Local Rule 7-4.01(E) fails to provide any relief to Plaintiff. In its discussion, the Court set out its basis for the conclusion that Plaintiff failed to comply with the Local Rule and the effect thereof.

The Court articulated its reasoning in concluding that the record established

that Defendant was entitled to judgment as a matter of law pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff has presented nothing which requires an alteration or amendment of this conclusion. under Rule 59(e).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Alter or Amend a Judgment Pursuant to Fed.R.Civ.P 59, [Doc. No. 57], is **DENIED**.

Dated this 7th day of February, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE